UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal No. 08-93-ART-CJS-2 |
| Plaintiff, ) | Civil No. 17-56-ART-CJS |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| DARRIN JACKSON RENFRO, ) | |
| ) | |
| Defendant. ) | |

\* \* \*   \* \* \*   \* \* \*   \* \* \*

On February 24, 2017, Defendant Darrin Jackson Renfro, *pro se*, filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.[1] (R. 190). Pursuant to local practice, this matter was referred to the undersigned for preliminary review under Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts and for preparation of a report and recommendation.[2] *See* 28 U.S.C. § 636(b). For the reasons stated below, it will be herein recommended that Renfro's Motion be denied.[3]

---

[1]Although the Clerk of Courts received and docketed Renfro's pending § 2255 Motion on March 6, 2017, it is deemed filed on the date he deposited it in the correctional institution's internal mailing system. *See* Rule 3(d) of the Rules Governing Section 2255 Proceedings in the United States District Courts. Here, the *pro se* Motion was signed on February 24, 2017. (*See* R. 190, at 9). Accordingly, applying the prisoner mailbox rule, the Court deems his § 2255 Motion to have been filed on February 24, 2017. *See Houston v. Lack*, 487 U.S. 266, 273 (1988).

[2]Under Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court must "promptly examine" any § 2255 motion upon its filing. Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." *Id*.

[3]This Report and Recommendation provides Renfro notice that the District Judge may dismiss his § 2255 Motion at the preliminary review stage. Renfro may file objections to this Report and Recommendation, which constitutes his opportunity to be heard by the District Judge. *See Shelton v. United States*, 800 F.3d 292, 294-96 (6th Cir. 2015) (finding the district court was required to give the defendant notice before dismissing his § 2255 motion as untimely at the screening stage).

I.      PROCEDURAL BACKGROUND

On August 27, 2008, a federal grand jury returned an Indictment charging Renfro and two others with one count of conspiracy to knowingly and intentionally manufacture 5 grams or more of methamphetamine and a forfeiture count. (R. 1). On November 25, 2008, pursuant to a written Plea Agreement, Renfro pleaded guilty to the Indictment. (R. 63).

Following Renfro's rearraignment and prior to his sentencing hearing, the Probation Office prepared the Presentence Investigation Report (PSR). The PSR contains a summary of the facts of this case and provides the calculations under the Sentencing Guidelines that placed Renfro at a base offense level of 34. Renfro's offense level was decreased by 3 levels for acceptance of responsibility. His total offense level was calculated to be a level 31.[4] (*Id*. at 7-8, ¶¶ 26-33). The PSR also contained an analysis of Defendant's background, including his criminal history. (*Id*. at 8-13). Defendant's criminal history qualified him for a criminal history category of V. (*Id*. at 17, ¶ 94). Based on Defendant's total offense level of 31 and criminal history category V, his Sentencing Guidelines range was 168 to 210 months of imprisonment. (*Id*. at 16, ¶ 71). On November 30, 2009, the District Judge sentenced Defendant to 189 months of imprisonment followed by 8 years of supervised release. (R. 131). On December 4, 2009, the District Court entered its Judgment. (R. 142). Defendant did not file a direct appeal.

On November 3, 2014, Defendant moved to reduce his sentence under Amendment 782, attaching evidence of his post-sentencing rehabilitation efforts. (R. 159; R. 159-1). The Court

---

[4]Originally, the PSR included a 3-level enhancement for substantial risk of harm pursuant to Guideline § 2D1.1(b)(10)(C)(ii)(I), causing injury to a law enforcement officer, to which Defendant filed an Objection. *See* PSR. After an evidentiary hearing, the Court sustained the Objection and the PSR was amended to remove the enhancement. (R. 122).

entered a Standing Order denying the Motion without prejudice, stating it will consider the sentences of all eligible defendants no later than March 1, 2015, and enter appropriate orders. (R. 161). On January 28, 2015, the Court entered an Order reducing Defendant's sentence of imprisonment from 189 months to 158 months pursuant to 18 U.S.C. § 3582(c)(2). (R. 162).

This matter is now before the Court on Renfro's Motion Pursuant to 28 U.S.C. § 2255, wherein he asserts three grounds for relief. (R. 190). Specifically, Renfro asserts two claims of ineffective assistance of counsel, alleging counsel failed to argue for the third-level reduction in his offense level for acceptance of responsibility and failed to argue for a sentence reduction for having a minor role. (*Id.*). He also asserts a claim for "post-sentence rehabilitation," seeking a reduction in his sentence for his rehabilitation efforts. (*Id.* at 5).

## II.     ANALYSIS

Under 28 U.S.C. § 2255(a), a federal prisoner may seek habeas relief on grounds that his conviction or sentence violated the Constitution or laws of the United States, that the court lacked jurisdiction to impose the sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a). A § 2255 motion does not have to be founded on constitutional error or even federal law. *Watt v. United States*, 162 F. App'x 486, 502-03 (6th Cir. 2006). However, to succeed on a § 2255 motion alleging constitutional error, a defendant "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)). To obtain relief under § 2255 for a nonconstitutional error, a defendant must establish either a fundamental defect in the criminal proceedings which inherently resulted in a complete miscarriage of justice, or

an error so egregious that it amounts to a violation of due process. *See Riggs v. United States*, 209 F.3d 828, 831 (6th Cir. 2000), *abrogated on other grounds as recognized by Kumar v. United States*, 163 F. App'x 361 (6th Cir. 2006); *see also Hicks v. United States*, 122 F. App'x 253, 256 (6th Cir. 2005); *McNeal v. United States*, 17 F. App'x 258, 260-61 (6th Cir. 2001).

In sum, a defendant must allege in his § 2255 motion that: (1) his conviction was the result of an error of constitutional magnitude; (2) his sentence was imposed outside of statutory limits; or (3) there was an error of law or fact so fundamental as to render the proceedings invalid. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (citing *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)). A defendant must prove his allegations by a preponderance of the evidence. *Pough*, 442 F.3d at 964.

### A. Renfro's claim is barred by the statute of limitations.

Renfro's claim is untimely. A one-year statute of limitations applies to § 2255 motions. 28 U.S.C. § 2255(f). This period runs from the latest of: 1) the date on which the judgment of conviction becomes final; 2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; 3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or 4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

Here, Renfro is challenging his sentence on the underlying conviction. Because he did not file a direct appeal of the presiding District Judge's Judgment, his conviction became final for

4

purposes of § 2255(f)(1) on December 14, 2009, when his time to appeal expired.[5] *See Sanchez-Castellano v. United States*, 358 F.3d 424, 426-27 (6th Cir. 2004) (explaining an unappealed judgment of conviction becomes final when the time for filing a direct appeal has expired); Fed. R. App. P. 4(b)(1)(A)(i) (a defendant's notice of appeal in a criminal case is required to be filed within 14 days after the entry of judgment). Thus, to be deemed timely under § 2255(f)(1), Renfro was required to file a § 2255 motion no later than December 14, 2010. Renfro placed the pending Motion in his institution's mailing system on February 24, 2017–more than 6 years too late.[6] (*See* R. 190).

As discussed above, Renfro's filing is not timely under § 2255(f)(1). Nor has he asserted any facts that would implicate §§ 2255(f)(2), (f)(3) or (f)(4). Specifically, he does not assert: any action by the government prevented him from making a timely motion; the Supreme Court recognized a new right with respect to his argument for relief that has been made retroactive on collateral review; or the existence of facts affecting his case that could not have been discovered earlier through the

---

[5] Renfro was sentenced on November 30, 2009, and the Judgment was entered on December 4, 2009. (R. 131; R. 142). Appellate Rules at that time provided a Defendant with 10 days to file a notice of appeal. (R. 137). Thus, he had until December 14, 2009, to file his appeal.

[6] The Court's modification of Renfro's sentence under 18 U.S.C. § 3582(c) did not start his statute of limitations under § 2255(e) anew. Instead, his original judgment of conviction remains the final judgment. *See cf. Crangle v. Kelly*, 838 F.3d 673, 678 (6th Cir. 2016) (noting, in dicta, sentence modification under § 3582(c) "do[es] not disturb the underlying initial judgment, which continues to 'constitute[ ] a final judgment.'") (collecting cases); *Reichert v. United States*, 101 F. App'x 13, 14 (6th Cir. 2004) (finding statute of limitations did not start anew from date of resentencing on Rule 35(b) motion); *see also* 18 U.S.C. § 3582(b) (permitting courts to "modify a term of imprisonment" in certain circumstances, including guidelines amendments and substantial assistance motions, but noting that the original "judgment of conviction . . . constitutes a final judgment for all other purposes"). Nevertheless, even if the Court considered Defendant's statute of limitations to run on the date the Court issued his sentence reduction under § 3582(c)(2), his motion is still untimely. The Court granted a sentence reduction on January 28, 2015. (R. 162). No appeal followed. Thus, even if the modification of his sentence reset the clock for purposes of his § 2255 filing, his § 2255 motion was due February 11, 2016. Accordingly, even under the most lenient analysis, he is still more than a year too late.

5

exercise of due diligence. Thus, Renfro has not established any basis that would render his filing timely.

Further, while the Sixth Circuit has held the one-year limitation period is not jurisdictional and, therefore, is subject to equitable tolling, *see Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001), *abrogated on other grounds by Hall v. Warden*, 662 F.3d 745 (6th Cir. 2011), Renfro has not provided any argument that extraordinary circumstances exist here entitling him to equitable tolling. Renfro argues he did not file his § 2255 motion earlier because counsel advised him that no relief was available and after conducting his own research he discovered mistakes he believes his counsel made. (R. 190, at 8). However, Renfro has not provided any explanation why it took more than six years for him to discover these alleged errors. Thus, he has failed to demonstrate he has been diligently pursuing his rights.

Finally, Renfro has not asserted a claim of actual innocence, which is another avenue that may overcome the bar created by an untimely filing. *See McQuiggin v. Perkins*, __ U.S. ___, 133 S. Ct. 1924, 1928 (2013) (a claim of "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations"). The Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare: [A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

Here, Renfro does not contend he is factually innocent of the charge for which he was convicted. Instead, he asserts his counsel erred in not arguing for further reductions in his offense level for his acceptance of responsibility and for having a minor role in the conspiracy. (R. 190).

6

Thus, not having presented any argument that he is actually innocent of the offense for which he was convicted, Renfro cannot rely on actual innocence as a gateway through which his untimely § 2255 Motion may pass. Accordingly, finding Renfro's claim to be untimely and not subject to either equitable tolling or the actual innocence exception, it will be recommended that Renfro's § 2255 Motion be denied.

### B.     Renfro's Claims Lack Merit.

Even if Renfro's claims were not time barred, they fail on the merits.

#### 1.     Ineffective Assistance of Counsel Claims

Renfro asserts two claims of ineffective assistance of counsel. Specifically, Renfro argues that counsel did not argue for the third-level reduction in his offense level for his acceptance of responsibility. He also argues that despite his request, counsel did not argue for a reduction under Sentencing Guideline § 3B1.2 for having a minor role. As discussed below, both arguments lack merit.

The Supreme Court has held that "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper function of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To meet this standard, the Court set forth a two-part test. First, a defendant is required to show that counsel's representation fell "below an objective standard of reasonableness." *Id*. at 687-88. In reviewing this prong, the lower court is to apply a deferential standard; there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689. If a defendant satisfies the first prong, he must also establish that counsel's deficient performance prejudiced him. *Id*. at 691-94. Specifically, he must "show that there is a

7

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. Thus, an error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error did not affect the judgment. *Id.* at 691.

In the context of a guilty plea, where a defendant is represented by counsel and enters a guilty plea upon advice of counsel, the voluntariness of the plea depends on whether counsel's advice "was within the range of competence demanded of attorneys in criminal cases." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). While the deficient performance prong of the *Strickland* test remains the same, to establish prejudice a defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59; *Griffin v. United States*, 330 F.3d 733, 737 (6th Cir. 2003) (quoting *Hill*, 474 U.S. at 58-59). Both prongs of the test must be met before a court finds ineffective assistance, but courts are not required to conduct an analysis under both. *Strickland*, 466 U.S. at 697. If the court finds a defendant cannot meet one prong, it need not address the second prong. *Id.*

### a. Renfro received a three-level reduction for acceptance of responsibility.

Renfro argues counsel provided ineffective assistance by failing to argue for the additional (third) level reduction in his offense level for acceptance of responsibility. However, review of the PSR demonstrates that Renfro was provided the benefit of the maximum reduction of three levels for his acceptance of responsibility. (*See* PSR, at 8 ¶ 32). During sentencing, the presiding District Court Judge adopted, without objection, the updated PSR, including the Guidelines calculation

therein. (R. 144, at 2-3). Thus, having been provided the maximum reduction permitted for acceptance of responsibility, *see* U.S.S.G. § 3E1.1, Renfro has failed to demonstrate either prong of *Strickland*, and this claim fails.

### b. Renfro agreed in his plea agreement not to seek a mitigating role adjustment.

Renfro also argues his counsel provided ineffective assistance of counsel because he failed to argue for a minor role reduction under Sentencing Guideline § 3B1.2. (R. 190, at 4). However, review of his Plea Agreement reveals the reason counsel did not make such an argument at sentencing. (R. 138, at 5 ¶ 7). In plea negotiations, parties often make concessions to reach an agreement. That occurred here. In the Plea Agreement, Renfro agreed he would not file a motion for a decrease in his offense level based on a mitigating role. (*Id.*). Specifically, the Plea Agreement provides, in part:

> 7. The Defendant will not file a motion for a decrease in offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.
>
> . . .
>
> 13. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

(R. 138, at ¶¶ 7, 13).

"Plea agreements are contractual in nature, so [courts] use traditional contract law principles in interpreting and enforcing them." *United States v. Black*, 652 F. App'x 376, 380 (6th Cir. 2016) (reviewing waiver of right to appeal under contract principles) (citing *United States v. Bowman*, 634 F.3d 357, 360 (6th Cir. 2011)). Thus, the terms of a plea agreement are construed as a reasonable

9

person would interpret them. *Id*. However, where ambiguity in a plea agreement exists, the court is to construe the ambiguity against the Government. *Id*. (citing *United States v. Freeman*, 640 F.3d 180, 194 (6th Cir. 2011)).

Here, Renfro does not argue this provision is ambiguous. Nor would such an argument have merit because paragraph 7 is subject to one reasonable interpretation. Thus, Defendant was barred by the terms of his Plea Agreement from seeking a mitigating role under Sentencing Guideline § 3B1.2 and counsel was not ineffective for failing to make an argument for relief that Renfro had specifically agreed not to seek. *See Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998) ("Counsel was not required to raise meritless arguments to avoid a charge of ineffective assistance of counsel.").

### 2. Non-Ineffective Assistance of Counsel Claim

Renfro identifies as his third ground for relief "post-sentence rehabilitation." (R. 190, at 5). In support, he provides a list of educational training he has completed since his incarceration. In answering the questions on the § 2255 form, Renfro explains he previously presented this claim to the Court in a motion seeking the benefit of Amendment 782, which the Court notes Renfro filed under 18 U.S.C. § 3582(c)(2) (*see* R. 159). In answering the question why he did not raise the current issue on a direct appeal, Renfro does not answer the question asked and instead explains the Court reduced his sentence from 189 months to 158 months, but did not mention his post-sentence rehabilitation in its Order. He asks the Court to consider his post-sentence rehabilitation efforts now for a further downward departure pursuant to *Pepper v. United States*, 562 U.S. 476 (2011). (R. 190-1, at 3).

To the extent Renfro's Motion can be liberally read as asserting the presiding District Court erred in not considering his post-sentence rehabilitation in determining what sentence modification to impose under U.S.C. § 3582(c)(2), he has procedurally defaulted this claim. It is well established that a § 2255 motion "is not a substitute for direct appeal." *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003). Except for a claim of ineffective assistance of counsel, a federal prisoner's failure to raise a claim on direct appeal results in a procedural default of that claim. *Bousley v. United States*, 523 U.S. 614, 621 (1998). For a federal prisoner to obtain review of a defaulted claim in a § 2255 motion, he must show cause and prejudice. *Id.* at 622 (citing *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)). The "hurdle" that a defendant faces to excuse procedural default is "intentionally high[,] . . . for respect for the finality of judgments demands that collateral attack generally not be allowed to do service for an appeal." *Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000). If a defendant fails to establish cause, it is unnecessary to determine if he was prejudiced by the alleged violation. *Bousley*, 523 U.S. at 623.

Here, Renfro did not appeal the District Court's Order reducing his sentence under 18 U.S.C. § 3582(c)(2). Nor does Renfro attempt to demonstrate cause as to why he did not raise his current argument on direct appeal. Thus, having failed to demonstrate cause or prejudice for his procedural default or actual innocence, Renfro's claim is defaulted.[7]

---

[7] It is worth noting that "the district court was not required to consider [defendant's] post-sentencing conduct in adjudicating his § 3582 motion." *United States v. Fowler*, 659 F. App'x 322, 326-27 (6th Cir. Sept. 1, 2016) (J. Clay, concurring) (citing *United States v. Greenwood*, 521 F. App'x 544, 547 (6th Cir. 2013) (citing U.S.S.G. § 1B1.10 cmt. n.1(B)(iii)))); *see also United States v. Griffin*, 520 F. App'x 417, 420 (6th Cir. Apr. 9, 2013) (noting that U.S.S.G. § 1B1.10 permits, but does not require, a district court to consider post-sentencing rehabilitation efforts in considering a § 3582(c)(2) motion). Review of the record demonstrates the Court granted Defendant a 31-month reduction in his sentence under § 3582(c)(2), and in doing so stated it considered the applicable U.S.C. § 3553(a) factors. (R. 162).

Further, to the extent Renfro seeks for the Court to consider post-sentencing conduct as an independent ground in his § 2255 motion, it lacks merit. As discussed above, to obtain relief pursuant to § 2255, Renfro must assert a claim that the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). A request for a reduction in a sentence because of post-sentence rehabilitation is not a claim presenting a sentencing issue that is constitutional in nature. *See cf. Dillon v. United States*, 560 U.S. 817, 828 (2010) ("the sentence-modification proceedings authorized by § 3582(c)(2) are not constitutionally compelled"). Thus, the claim is not cognizable in a § 2255 proceeding absent a showing of a complete miscarriage of justice, which Renfro has failed to demonstrate.

Renfro's citation to the United States Supreme Court's decision in *Pepper v. United States* does not compel a different result. *Pepper*, 562 U.S. 476. In *Pepper,* the Supreme Court held that "when a defendant's sentence has been set aside on appeal, a district court at resentencing may consider evidence of the defendant's postsentencing rehabilitation and that such evidence may, in appropriate cases, support a downward variance from the now-advisory Federal Sentencing Guidelines range." *Pepper*, 562 U.S. at 481. Here, Renfro has already been sentenced, had his sentence modified under 18 U.S.C. § 3582(c)(2), and is not currently before the Court for resentencing. Thus, *Pepper* is not applicable to his current circumstance. *See Dillon*, 560 U.S. at 831 (modification under § 3582(c)(2) is not a resentencing, but a sentence reduction within narrow bounds established by Sentencing Commission); *McCullough v. United States,* No. 12-1214, 2015 WL 1651270, at *5 (W.D. Tenn. Apr. 14, 2015) (dismissing claim in § 2255 motion that defendant

was entitled to a reduction of his sentence because of his positive post-sentencing rehabilitation, finding *Pepper* did not apply to provide relief under § 2255 on that basis); *Ahdnahd v. United States*, No. 4:08–CV–858, 2008 WL 2563730 at *1 (E.D. Mo. Jun. 25, 2008) (noting "ruling on a § 3582 motion is not a ruling subject to collateral attack via a § 2255 motion"). Accordingly, Renfro's third ground for relief lacks merit.

### III.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Proceedings, the district court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to the applicant. A certificate may issue only if a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (addressing issuance of a certificate of appealability in the context of a habeas petition filed under 28 U.S.C. § 2254, which legal reasoning applies with equal force to motions to vacate brought pursuant to 28 U.S.C. § 2255). In cases where a district court has rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists would not debate the denial of the Defendant's § 2255 motion or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it will be recommended that a certificate of appealability be **denied** upon the District Court's entry of its final order in this matter.

### IV.  CONCLUSION AND RECOMMENDATION

Accordingly, for the reasons stated above, **IT IS RECOMMENDED** that:

1. Defendant Renfro's § 2255 Motion (R. 190) be **denied**;

2. a Certificate of Appealability on the claims arising under 28 U.S.C. § 2255 be denied by the District Court in conjunction with the Court's entry of its final order;

3. Judgment in favor of the United States be entered contemporaneously with the District Court's entry of its final order; and,

4. this action be stricken from the active docket of the Court.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Report and Recommendation, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings, Rule 8(b). Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 950 (6th Cir. 1981).

This 21st day of March, 2017.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

J:\DATA\habeas petitions\2255 prelim review\08-93-ART Renfro R&R.wpd